# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TEENA DONOVAN**

Plaintiff,

v.                                                                CASE NO.:

**WESTCOR LAND TITLE INSURANCE COMPANY, a Foreign Profit Corporation,**

Defendant

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, TEENA DONOVAN (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant WESTCOR LAND TITLE INSURANCE COMPANY, (hereinafter referred as "Westcor" or "Defendant"), and states the following:

## NATURE OF CASE

1. This is a claim by Plaintiff Teena Donovan against her former employer, Westcor Land Title Insurance Company for violations of the family Medical Leave Act of 1993 ("FMLA") 29 § 2601 *et seq.;* and the Americans with Disabilities Act, as amended, ("ADA-AA"), 42 U.S.C. 12101, *et seq.;* to recover from Defendant for back pay, an equal amount of liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs, and all other fair and justifiable relief under the law.

2. Plaintiff worked for Defendant from March 2014 until January 2019. In 2017, Plaintiff requested limited time off work as well as accommodations to her work schedule to care for her own serious health conditions. Following temporary and medically necessary absences in

November of 2017 and March of 2018 Plaintiff's supervisor began harassing and using intimidation tactics against Plaintiff because of her health conditions despite having knowledge of Plaintiff's serious medical conditions.

3. Defendant's violations of the FMLA and ADA-AA were willful and perpetrated with malice or reckless indifference to the law(s).

4. Plaintiff seeks all remedies available in law and equity including but not limited to: judgement in her favor and against Defendant; payment of lost wages, salary, employment benefits and other compensation denied (including front and back pay); actual monetary losses sustained as a direct result of Defendant's violations; pre-judgement interest; liquidated damages; compensatory damages; punitive damages; injunctive relief; and reasonable attorney's fees, expert witness fees and costs pursuant 42 U.S.C. § 12117(a); 42 U.S.C §12205; 42 U.S.C. § 1981a(a)(3); 29 U.S.C. § 2617(a)(3).

## **JURISDICTION**

5. The acts and omissions giving rise to this action occurred in Orange County, Florida, among others.

6. Defendant conducts business in Orange County, Florida.

7. Plaintiff was employed with Defendant in Orange County, Florida.

8. This is an action at law raises a federal question under federal law, specifically the ADA and FMLA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

9. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

10. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## PURPOSES OF THE FMLA

11. The Family Medical Leave Act ("FMLA or "the Act") was enacted in 1993. The intent of Congress in passing the Act was "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 C.F.R. § 825.101(a).

12. "The FMLA was predicated on two fundamental concerns – the needs of the American workforce, and the development of high-performance organizations." 29 C.F.R. § 825.101(b). The Act was intended to benefit both employers and their employees as Congress, in passing the law, recognized the direct correlation between "stability in the family and productivity in the workplace." 29 C.F.R. § 825.101(c).

13. The FMLA allows covered employees to take unpaid medical leave for personal medical reasons; for the birth or adoption of a child; for the care of a service member with a serious injury or illness; for the care of a spouse or a parent who is ill; and for the care of a sick child. *See* 29 C.F.R. § 825.101(a).

## PARTIES

14. Plaintiff was an employee of Defendant for approximately 5 years and is a resident of Seminole County, Florida.

15. WESTCORE LAND TITLE INSURANCE COMPANY operates as an independent title insurance underwriter.

16. By the very nature of its work, Defendant are engaged in commerce.

17. Defendant is engaged in an industry affecting commerce.

18. Defendant employs more than fifty (50) employees within 75 miles of its Maitland, Florida facility.

## FACTUAL ALLEGATIONS

19. Plaintiff began her employment with Defendant, on or about March 2014 as a Real Estate Title Examiner.

20. Plaintiff continued to work for Defendant as a Real Estate Title Examiner.

21. Plaintiff performed well as a Title Examiner.

22. Plaintiff met all of her quotas as a Title Examiner.

23. Plaintiff earned approximately $41,000 per year with Defendant.

24. Plaintiff was never reprimanded orally or in writing prior to her termination.

25. Plaintiff was in good standing as an employee.

26. Plaintiff received praise for her work.

27. In approximately August 2017, Plaintiff was began experiencing from Post-Traumatic Stress Disorder (PTSD).

28. Plaintiff required counseling for this mental condition.

29. Plaintiff informed Defendant of her need to seek medical treatment/counseling due to her mental condition.

30. In approximately November 2017, Plaintiff informed Defendant about a medical condition related to a ruptured gallbladder.

31. Plaintiff reported her diagnosis to Defendant and indicated that she would need time off from work.

32. Plaintiff provided written documentation of the same.

33. Subsequently, Plaintiff applied for medical leave.

34. Plaintiff was approved for FMLA leave.

35. Defendant's supervisors, employees, and/or agents contacted Plaintiff regarding work-related matters while Plaintiff was still in the hospital recovering from a medical procedure.

36. In approximately January 2018, Plaintiff was diagnosed with cancer and underwent treatment.

37. In approximately March 2018, Plaintiff suffered a heart attack.

38. Plaintiff sought permission to return to work with limitations in approximately April 2018.

39. Plaintiff would have been able to perform her regular job duties with reasonable accommodations.

40. Despite being approved for FMLA leave, Westcor supervisors, employees, and/or agents began treating Ms. Donovan unfairly in retaliation to her FMLA request.

41. Defendant denied Plaintiff's requests for accommodations related to her conditions.

42. Upon returning to work for Defendant, Plaintiff was met with harassment and intimidation tactics, including threats to Plaintiff's employment with Defendant.

43. Plaintiff informed Defendant's Human Resource department about the hostility she was met with by Defendant's supervisors and/or employees.

44. In approximately December 2018, Plaintiff and was working with Team Leader, Claudine Wilson.

45. Claudine Wilson began yelling at Plaintiff and subsequently sent Plaintiff hostile emails.

46. Plaintiff sent Claudine Wilson an email requesting for the hostility to cease.

47. Claudine Wilson forwarded the email to Plaintiff's supervisor, David Scarritt, who subsequently terminated Plaintiff's employment with Westcor on or about January 17, 2019.

48. In 2017, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

49. In 2018, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

50. In 2019, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

51. As of the date, Plaintiff had been employed by defendant at least twelve (12) months prior to her request for FMLA leave.

52. Plaintiff provided Defendant with documents from her physicians which confirmed her medical condition.

53. Defendant' actions interfered with Plaintiff's rights under the FMLA.

## COUNT I - INTERFERENCE UNDER THE FMLA

54. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 53 above as if fully set forth herein.

55. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

56. Defendant' was Plaintiff's employer as defined by the FMLA.

57. Defendant' acts and omissions constitute interference with Plaintiff's rights under the FMLA.

58. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

59. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

60. Defendant' violations of the FMLA were willful.

61. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant' practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

62. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 53 above as if fully set forth herein.

63. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

64. Defendant were Plaintiff's employer as defined by the FMLA.

65. Defendant discriminated and/or retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

66. Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

67. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

68. Defendant' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

69. Defendant' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

70. Defendant' conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

71. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

73. Defendant' violations of the FMLA were willful.

74. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **COUNT III - DISABILITY DISCRIMINATION**

75. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 53 above.

76. Plaintiff was a qualified individual with a disability.

77. Plaintiff was perceived as disabled by Defendants.

78. Defendant was Plaintiff's employer as defined by the ADA-AA.

79. Defendant discriminated against Plaintiff because of her disability in violation of the

ADA-AA.

80. Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the AD-AA.

81. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

82. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

83. Defendant's conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

84. As direct, natural, proximate and foreseeable results of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional plain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

85. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant's, which have cause and continued to cause irreparable harm.

86. Defendant's violation of the ADA-AA were willful.

87. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a) judgment in her favor and against Defendant for violation of the disability association provisions of the ADA-AA;

b) judgment in her favor and against Defendant for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's

conduct;

  c)  judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;

  d)  judgment in her favor and against Defendant for punitive damages;

  e)  judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and

  f)  Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **COUNT IV - RETALIATION IN VIOLATION OF THE ADA**

88. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1 through 53 above.

89. Plaintiff requested a reasonable accommodation for her disability. This constituted protected activity under the ADA-AA.

90. Upon information and belief, Defendant's conduct, was, in whole or in part, motivated by Plaintiff's request for accommodation.

91. As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

92. The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

93. The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

94. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses

against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a) Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b) judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c) judgment against Defendant for compensatory damages;

d) judgment against Defendant for punitive damages;

e) Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

f) Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

g) Granting such other and further relief as the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 30th day of March, 2020.

Respectfully submitted,

***s/Carlos V. Leach***
Carlos V. Leach, Esq.
FL Bar No.: 540021
THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Office: (407) 574-4999
Facsimile: (407) 960-4789
E-mail: cleach@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***